IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| GARY WAYNE LOWE, #470610 | § | |
| VS. | § | CIVIL ACTION NO. 2:12cv394 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-entitled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was heretofore referred to United States Magistrate Judge Roy S. Payne. On August 10, 2012, Petitioner filed a Motion for Leave to File (docket entry #9) a supplemental claim to his pending federal habeas petition, which was originally filed solely on the issue of his parole status. The Report and Recommendation ("R&R") of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of the motion, has been presented for consideration. The R&R recommends denial of the motion on the basis that the claim it seeks to add to the parole issue attacks Petitioner's underlying conviction and is successively-filed without permission of the United States Court of Appeals for the Fifth Circuit. Petitioner has filed objections.

Having made a *de novo* review of the objections raised by Petitioner to the R&R, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. In his objections, Petitioner argues simply that he obtained permission from the Fifth Circuit to file a "successive petition" limited to the issue of the adverse

1

parole decisions against him.  Therefore, he argues, this Court has subject matter jurisdiction over his habeas claims and he has a right to supplement his habeas petition despite the fact that the claim he seeks to add is successive to his original collateral attack on his conviction.  None of the authorities he cites supports such a proposition.

A review of the Fifth Circuit's Order to which Petitioner refers, *In re Lowe*, USCA No. 12-40262 (5th Cir. May 2, 2012) (per curiam), reveals that the Fifth Circuit explicitly stated that Petitioner's parole claims were not successive because he could not have challenged them in his previous § 2254 application and, therefore, he was not required to obtain the appellate court's permission to file his instant habeas application on those issues.  *See id*. at 1-2.  However, the Fifth Circuit went on to state that Petitioner's additional requests, for leave to file a successive claim attacking his conviction on the issues of the indictment and exculpatory evidence, did not meet the criteria for allowing a successive petition.  *Id*. at 2.  Therefore, the Fifth Circuit explicitly denied leave to file a successive claim attacking his conviction.  *Id*. at 2-3.  He has raised nothing in either his latest motion nor in his objections to overcome that order.

It is therefore

**ORDERED** that Petitioner's Motion for Leave to File (docket entry #9) a successive claim is hereby **DENIED**.

**So ORDERED and SIGNED this 5th day of October, 2012.**


_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE